IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WESTROCK CP, LLC**, a Delaware limited liability company,

    Plaintiff,

v.

**MING'S RESOURCE CORPORATION**, a California corporation,

    Defendant.

**MING'S RESOURCE CORPORATION**, a California Corporation

    Counter Claimant,

v.

**WESTROCK CP, LLC**, a Delaware limited liability company,

    Counter Defendant.

Case No. 3:21-cv-00929-MO

OPINION & ORDER

**MOSMAN, J.,**

This case comes before me on Defendant Ming's Resource Corporation's Motion to Transfer Venue [ECF 13] and Defendant Westrock CP, LLC's Motion to Dismiss Counterclaims [ECF 19]. For reasons explained below, I grant Ming's Resource's motion and leave Westrock's motion to be ruled on by the Eastern District of California.

1 – OPINION & ORDER

## BACKGROUND

Westrock is a Delaware limited liability company with its principal place of business in Georgia. Compl. [ECF 1] ¶ 4. Ming's Resource is a California corporation headquartered in Sacramento, California. *Id.* ¶ 5. In June 2016, Ming's Resource and Westrock entered into a credit agreement. *Id.* ¶ 6. From December 14, 2019, to June 23, 2020, Ming's Resource purchased recyclable materials from Westrock. *Id.* ¶ 10. Westrock alleges Ming's Resource failed to pay the balance for these goods and filed this action to recover that balance. *Id.* ¶¶ 9–26.

### I.  Whether Venue Is Proper

Under 28 U.S.C. § 1406(a), a district court must either transfer or dismiss a case that has been brought without proper venue. Westrock asserts that venue is proper in the District of Oregon because the parties have agreed to a forum selection clause. Pl.'s Resp. to Def.'s Mot. to Transfer Venue [ECF 16] at 6–7. A valid forum selection clause is "consent to personal jurisdiction and venue." *United States v. Park Place Assocs., Ltd.* 563 F.3d 907, 929 n.14 (9th Cir. 2009). Thus, to determine whether venue is proper, I look at the parties' forum selection clause.

#### A.  Forum Selection Clause

The forum selection clause at issue is found in the Terms and Conditions document made pursuant to the parties' credit agreement. Compl. [ECF 1] Ex. B ¶ 15. Ming's Resource admits that it signed this agreement but contests its enforceability. Answer to Compl. [ECF 9] at 2; *see also* Reply to Def.'s Mot. to Transfer Venue [ECF 20] at 12–13. The clause provides the following:

> "Any disputes arising out of a Contract shall be subject to the exclusive jurisdiction of a court of competent jurisdiction located in a judicial district where the Seller's manufacturing facility is located;" Compl. [ECF 1] Ex. B. ¶ 15.[1]

---

[1] That the forum selection clause refers to a "manufacturing facility" in the singular hints that the contract envisions a seller with only one manufacturing facility. Yet, because the contract gives no indication as to which of Westrock's many facilities that would be, I interpret the clause to refer to any of the locations where Westrock has a manufacturing facility.

The forum selection clause therefore authorizes venue anywhere that Westrock has a manufacturing facility. Westrock has a manufacturing facility in Portland, Oregon, Sewell Decl. [ECF 17] ¶ 8, so the clause—if valid—would be sufficient to establish venue in the District of Oregon.

Ming's Resource argues that the forum selection clause is unenforceable on the grounds that it is unreasonable and was presented without discussion on a take-it-or-leave-it basis. Mem. in Supp. of Mot. to Transfer Venue [ECF 13-1] at 17, 28 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16–18 (1972)). Yet a "party seeking to avoid a forum selection clause bears a 'heavy burden' to establish…the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen*, 407 U.S. at 17)). Indeed, the party must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U.S. at 18.

Ming's Resource has failed to meet this heavy burden. The mere fact that Ming's Resource did not adequately understand or consider the forum selection contract does not render the clause unenforceable. *Operating Eng'rs Pension Tr. v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986) ("A party who signs a contract is bound by its terms regardless of whether he reads it or considers the legal consequences of signing it."). Nor does the fact that Westrock presented the clause on a take-it-or-leave-it basis. *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1094 (9th Cir. 2009) (recognizing under Oregon law that a contract presented on a take-it-or-leave-it basis "reflects unequal bargaining power, but . . . is insufficient to render an agreement procedurally unconscionable"). As a result, I consider the forum selection clause to be valid and thus capable of creating venue in the District of Oregon.

## II. Whether Venue Is Convenient

Even when venue is proper, "a district court may transfer any civil action to any other district . . . where it might have been brought" if doing so is "in the interest of justice." 28 U.S.C. § 1404(a). Ming's Resource argues that transfer to the Eastern District of California is preferable on several grounds, most critically because that is where the bulk of the events alleged in Westrock's complaint and Ming's Resource's counterclaims occurred. Mem. in Supp. of Mot. to Transfer Venue [ECF 13-1] at 19–30. In turn, Westrock moves to dismiss Ming's Resource's counterclaims, which describe a dispute over the sale of a Sacramento recycling facility and thus weigh heavily in favor of transfer. Resp. to Mot. to Transfer Venue [ECF 16] at 11–19; Mot. to Dismiss Counterclaims [ECF 19]; Counterclaim [ECF 10] ¶ 7. In the interest of judicial efficiency, before reaching Westrock's motion to dismiss counterclaims, I determine whether Ming's Resource has adequately demonstrated the interests of justice tip toward transfer even without relying on its disputed counterclaims and affirmative defenses.[2]

### A. Whether Justice Favors Transfer

To determine whether justice favors transfer, a district court may consider a variety of factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The factors especially relevant to this case are "the location where the relevant agreements were negotiated and executed," "the plaintiff's choice of forum," "the respective parties' contacts with the forum," "the contacts relating to the plaintiff's cause of action in the chosen forum," "the differences in the cost of litigation in the two forums," "the ease of access to sources of proof," "the availability of

---

[2] Westrock characterizes Ming's Resource's justifications for transfer as "[f]ocusing exclusively" on its counterclaims. Resp. to Mot. to Transfer Venue [ECF 16] at 12. I disagree. Though Ming's Resource leans on its counterclaims for much of its argument in favor of transfer, it contends the factors pertain to the Westrock complaint as well as the Ming's Resource counterclaims. *See* Mem. in Supp. of Mot. to Transfer Venue [ECF 13-1] at 21.

compulsory process to compel attendance of unwilling non-party witnesses," and "the presence of a forum selection clause." *Id.*

### 1. Location of Relevant Agreements

Though the record does not state where the parties negotiated or executed the credit agreement, Westrock agreed to ship goods to Sacramento and Ming's Resource agreed to receive those goods in Sacramento. Compl. [ECF 1] Ex. A. At the very least, this indicates the thrust of the contract was service to and from Sacramento. On the other hand, the credit agreement does not refer to Oregon at all. *See id.* As such, this factor weighs in favor of transfer.

### 2. The Plaintiff's Choice of Forum

This factor generally receives "great weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, when a plaintiff brings a case to a venue where the plaintiff is not a resident, the choice of venue "deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). This is because "the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient." *Id.* When a plaintiff chooses to litigate in its home forum, "it is reasonable to assume that this choice is convenient." *Id.* at 255–56. Yet that assumption "is much less reasonable" when the plaintiff chooses a forum where it does not reside. *Id.* at 256.

The weight given to a plaintiff's choice of forum also depends on the extent of the parties' "contacts with the forum, including those relating to [the plaintiff's cause of action]." *Lou*, 834 F.2d at 739. "If the operative facts have not occurred with the forum and the forum has no interest in the parties or subject matter," then the plaintiff's choice of forum "is entitled to only minimal consideration." *Id.*

Here, Westrock chose the District of Oregon as its venue, but it is not a resident; it is a resident of Georgia and the state of Delaware. Compl. [ECF 1] ¶ 4. Moreover, as explained in the

following section, the parties' contact with the District of Oregon as they pertain to this cause of action are limited. Thus, though this factor cuts in favor of Westrock, it applies with "less than maximum force." *Piper Aircraft Co.*, 454 U.S. at 261.

### 3. The Respective Parties' Contacts with the Forum and Contacts Relating to the Cause of Action

Ming's Resource's contact with the District of Oregon is limited. Most of the goods it ordered pursuant to the credit agreement originated from Oregon. Yet nothing in the credit agreement indicates that Ming's Resource was aware of where the goods would be manufactured. *See* Compl. [ECF 1] Ex. A. Nor does Ming's Resource otherwise do business in Oregon. Luong Decl. [ECF 13-2] ¶ 5. Westrock appears to have more regular contact with Oregon—it operates a manufacturing facility in Portland. Compl. [ECF 1] ¶ 3.

Both parties have extensive contact with the Eastern District of California. Ming's Resource is headquartered there. Westrock operates four facilities in the Eastern District: one in Stockton, two in Fresno, and one in Merced. *See* Meyer Decl. [ECF 13-3] Ex. A. Westrock has also contracted with at least one company headquartered in the Eastern District of California—Ming's Resource. Because both parties appear to have significantly more contacts with the Eastern District of California than the District of Oregon, this factor cuts in favor of transfer.

### 4. Cost of Litigation and Ease of Access to Proof

These factors are which are connected to the convenience of witnesses, which "often cited as the most significant factor in a ruling on a motion to transfer." *RV Savvy Prods., Inc. v. RV Masters, LLC*, Case No. 6:19-cv-00184-MK, 2019 WL 5858192, at *11 (D. Or. July 19, 2019) (quoting *Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1096 (D. Or. 2016)). In its briefing, Ming's Resource does not clearly state which witnesses it would call to testify regarding its affirmative defenses as opposed to its counterclaims. *See* Mem. in Supp. of Mot. to Transfer

Venue [ECF 13-1] at 21–24. Nevertheless, it is foreseeable that Ming's Resource would call employees from its Sacramento headquarters to testify about its affirmative defenses. For example, Ming's Resource's defenses that Westrock terminated the agreement by way of mutual agreement and that Westrock's claims are barred by unclean hands would likely be aided by testimony from witnesses based in Sacramento. *See* Answer to Compl. [ECF 9] at 2–3.[3]

In contrast, Westrock has not indicated any witness from Oregon that would be helpful to its case. Nor has Westrock even alleged any factual dispute where witness testimony from an Oregon employee would ostensibly be helpful.

While the weight of this factor is constrained by the briefing's focus on Ming's Resource's counterclaim and my limited review for the purposes of this motion, I nevertheless find this factor tips in favor of transfer.

### 5. Ability to Subpoena

Ming's Resource argues that transfer is appropriate because most of its third-party witnesses would be outside the range of the subpoena power if trial was held in this district. Mem. in Supp. of Mot. to Transfer [ECF 13-1] at 24–25. However, these third-party witnesses appear to be relevant only as to Ming's Resource's counterclaims. Thus, for the purposes of my limited review, this factor has no weight.

### 6. Presence of a Forum Selection Clause

A valid forum selection clause, when present, "should be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*,

---

[3] Westrock moves to dismiss Ming's Resource's affirmative defenses that are related to a subsequent contract between the parties that contained a forum selection clause limiting actions to Delaware. Pl.'s Mot. to Dismiss Counterclaims [ECF 19] at 9. It specifically calls out affirmative defenses referring to an "offset." *Id.* Because neither of these affirmative defenses refer to such an offset, I determine they would likely stand even if I granted Westrock's motion and that I may consider them here.

7 – OPINION & ORDER

571 U.S. 49, 62 (2013). Yet the forum selection clause here does not preclude suit in the Eastern District of California. Here, the forum selection clause limits suit to "a judicial district where the Seller's manufacturing facility is located." Compl. [ECF 1] Ex. B. ¶ 15. Westrock—the seller—has manufacturing facilities in both the District of Oregon and the Eastern District of California. *See* Meyer Decl. [ECF 13-3] Ex. A. Thus, transferring this case to the Eastern District of California would not violate the forum selection clause and this factor has no weight here.

Considering all relevant factors together, the only factor that tips against transfer is Westrock's choice of forum. Yet "[Westrock's] choice of forum . . . is not the final word." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Because Westrock chose a forum that is not its home and that has little connection to the operative facts of the complaint, I find this factor is substantially outweighed by the inconvenience Ming's Resource would face if required to defend itself in the District of Oregon. I therefore find that the interest of justice weighs in favor of transfer to the Eastern District of California.

### B. Whether this Action Might Have Been Brought in the Eastern District of California

A district court may transfer a civil action only to districts where the action "might have been brought" or "to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As discussed in the previous section, the forum selection clause allows suit in the Eastern District of California. As such, the parties have consented to jurisdiction and venue there. *Park Place Assocs., Ltd.* 563 F.3d at 929 n.14. Regardless, Ming's Resource is headquartered in the Eastern District of California, so personal jurisdiction and venue there is undisputed.

## CONCLUSION

For the reasons given above, I GRANT Ming's Resource's Motion to Transfer Venue [ECF 13]. I order this case to be transferred to the Eastern District of California. I leave Westrock's Motion to Dismiss Counterclaims [ECF 19] to be decided by the receiving court.

IT IS SO ORDERED.

DATED this 7th day of January, 2022.

                                                                           MICHAEL W. MOSMAN  
                                                                           United States District Judge